Birchard, J.
The first question in this case is upon the construction of section 14 of the act prescribing the general duties of the auditor, treasurer, and secretary of state. Swan’s Stat. 121. It is in these words: “The auditor shall deliver .to any person applying therefor, a certified copy of any survey, or other document in his office; and all such copies certified by the auditor, under his official seal, shall be received as legal evidence in all courts and places within this state.”
The question is, does this section contemplate the creation of any new evidence, or make a now rule of evidence? Or, does a true interpretation of its terms require that it should be held merely to authorize the use of the copy provided for, in those cases only, in which the original, if in court, would be held competent? In our opinion, the latter was the true meaning of the legislature. If so, it follows that the certified copy in question was improperly read to the jury, unless the original would have been competent evidence to charge the defendant in this suit. It is only necessary to turn our attention to sections 11,12,13, and 16 of the statute, 3 Chase’s L. 1556, 1557, to enable us to arrive at a correct determination of this matter. By section 11, it is provided that, on a sale of lands, the county auditor shall give a certificate to the purchaser, specifying the amount of payment to be made, and on what account; and that the purchaser shall make payment to the county treasurer, *and take his receipt; which receipt shall be deposited with the county auditor, who shall preserve the same, charge the treasurer with the payment, and give the purchaser a receipt therefor. By section 12, the county auditor is required to beep a book of sales, and day-book and ledger for accounts, and forward quarterly, to the.auditor of state, transcripts of the sales, and of the payments made to the county treasurer, which the auditor is to file in his office. Section 13 requires the county treasurer to keep books of account, in which all the moneys received by him are to bo entered, and to forward quarterly transcripts thereof to the auditor of state. Section 16 provides that, on full payment being made, the county auditor shall give to the purchaser a final certificate, etc., upon presentation of which, to the auditor of state, the purchaser shall be entitled to a deed. From these four sections, it is not difficult to perceive what checks are provided by law for the protection of the public, or’ *226 what evidence is proper to charge a county treasurer, making default of a portion of the school fund.
In the first place, he can receive no money without giving therefor a receipt, in his official capacity, under his sign manual. This receipt must be deposited as an official voucher, and filed in the office of the county auditor. In the next place, he must make and forward to the auditor of state correct quarterly transcripts of his own account of moneys received. These, also, must be verified by his signature.
If sued, the original receipts, or the quarterly transcripts, are, in the first instance, the only competent evidence wherewith to charge him. But as there is danger in permitting official filos to be taken from the office of the auditor of state, the law has provided that a certified copy shall be legitimate evidence. The copy read to the jury was not such evidence, but was of a secondary character. It was not legal evidence. It was not even the copy of a copy of any paper or document emanating from the defendant’s intestate; but a statement of accounts made up from finaL certificates, which were made without the treasurer’s agency, and possibly without his ^knowledge, by the auditor of the county. I say probably without his knowledge, for it is at least supposable, that the auditor of the county might have issued a certificate by mistake, or on a forged receipt of payment, or willfully, he having himself received the money. Could it be tolerated, that a man’s property, or reputation for official integrity should be put in jeopardy in a court of justice, by evidence so liable to error as this?
The fact that the treasurer’s quarterly transcripts contained no reports of moneys paid on the lands in question, affords no sufficient reason for the admission of this evidence. For, if in fact, •the county auditor, as in the case supposed, was imposed, upon by -a false certificate of payment, and the county treasurer was a correct and honest man, his transcript would not contain a report of this kind. It is, however, argued, that inasmuch as a deed is required to be issued, on the presentation of the county auditor’s final certificate, the state may, under the views taken, lose the title to the land without receiving payment. If it were so, that would furnish no excuse for permitting the recovery from an innocent •person.
Bui-wo see no difficulty in making the county auditor respon *227 sible for the damage occasioned by the issue of any final certificate without the proper voucher.
Supposing him to have received such voucher and performed his duty, there is as little difficulty in the way of maintaining this suit. The prosecuting attorney has only to summon him to bring into court the treasurer’s receipts, and he will be furnished with lull proof of the plaintiff’s right to a recovery; or, if the receipts are lost, the auditor may then prove their loss, and give parol evidence of their contents. New trial granted.