No. 18020—The Amazon Rubber Company v. Morewood Realty Holding Company. Error to the Court of Appeals of Summit County.

677. JUDGMENTS—An approved journal entry of a decision, when filed, becomes an entry of judgment within 12270 GC., and error must be commenced within 70 days.

JONES, J.

Where the decision of a court has been reduced to a journal entry, approved by the judge and counsel for the interested litigants, and the same has been filed for record with the clerk, such filing becomes an entry of the judgment within the meaning of Section 12270 General Code, and proceedings in error must be commenced within seventy days after the date of such filing.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Day and Allen, JJ., concur. Matthias, J., concurs in the judgment.

---

No. 18153—Spitzer and Coats v. Stillings, Exr. Error to Hardin County Appeals.

114. ATTORNEY AND CLIENT—Common law rule as to privileged communications between attorney and client, extended by statute to cross-examination as to those not referred to in direct examination.

Where a party to a cause testifies voluntarily, any attorney to whom his communications may have been made in such action, may be compelled to testify thereto and the testimony may be impeached; citing 11 OS. 261.

1105. Presumed that Legislature intended to adopt as part of its amendment of a law the previous construction thereof by a court of last resort.

MARSHALL, C. J.

1. The common-law rule of privilege concerning communications between attorney and client is so far modified by statute in Ohio that if the client testifies in any proceeding in which he is a party such party may be cross-examined by the opposing party concerning communications with an attorney, in that relation, on any subject pertinent to his cause or defense testified to by him in chief, even though the fact of communications having passed between them has not been referred to by such party in his direct examination.

2. By virtue of Secton 11494 General Code, if a party voluntarily testifies as a witness in his own behalf any attorney to whom communications may have been made by such party in the relation of attorney and client, may be compelled to testify upon the same subject concerning which such party has voluntarily offered testimony, even though no reference was made in the testimony of such party to any communications having been made. In the event the attorney is called to testify, he becomes the witness of the party calling him, and, if it is desired to impeach the testimony of the party by the testimony of the attorney, a proper foundation must first be laid for such contradiction. (King v. Barrett, 11 OS. 261, approved and followed.)

3. The doctrine of privilege concerning communications between an attorney and client, in that relation, is subject to statutory regulation and limtation.

4. Where a statute is construed by a court of last resort having jurisdiction, and such statute is thereafter amended in certain particulars, but remans unchanged so far as the same has been construed and defined by the court, it will be presumed that the Legislature was familiar with such interpretation at the tme of such amendment, and that such interpretation was intended to be adopted by such amendment as a part of the law, unless express provision is made for a different construction.        Judgment affirmed.

Robinson, Jones, Matthias, Day and Allen, JJ., concur.