## RILEY v ROGERS

Ohio Appeals, 4th Dist, Lawrence Co
Decided June 24, 1930

E. E. Corn and James Collier, both of Ironton, for Riley.

Andrews, Andrews & Andrews and A. J. Layne, Ironton, for Rogers.

MAUCK, J.

Two questions only are raised. In the first place, it is shown that the plaintiff, Rogers, was a member of the regular petit jury at the term when this case was tried, and it is claimed that his association with the members of the jury was calculated to create a friendly feeling on the part of the jurors toward him that deprived the defendant of a fair trial. There is a possibility of the defendant having suffered from the previous intercourse of the plaintiff and his fellow jurors but there is also a possibility of the plaintiff having suffered in that respect, it all depending upon the impression which the plaintiff had made on those with whom he had been associating. The same thing hapepns, however, in any impression a party has made upon his associates in any other relation. If a party to a law suit has by his codnuct in a community favorably impressed his neighbors who may be called to the jury that fact constitutes no reason to exclude those neighbors from the jury unless they fall

within the disqualifying provisions of the statute. We do not commend the practice of forcing a party to trial before a jury whose relations were such as those that existed between these jurors and Mr. Rogers, but as there is no legal disqualification the matter rested within the sound discretion of the trial court.

The other question involves the competency of Mr. E. L. Riley, an attorney of the Lawrence County bar, called by the plaintiff. Mr. Riley was the first witness. As soon as the purpose in calling him was developed the defendant brought out that the witness was formerly the attorney of the defendant and was such attorney at the time certain occurrences and conversations occurred which the plaintiff was seeking to bring out. What the plaintiff evidently had in mind was to show that the witness had told the plaintiff that the defendant had admitted to the witness his indebtedness to the plaintiff and would pay as soon as the defendant realized upon a certain judgment. On page 7 counsel for the plaintiff asked over the objection of the defendant whether the witness had made any statements about the claim in controversy to the plaintiff. He answered that he had talked to Mr. Rogers but he did not remember what statements had been made. On page 8 the record shows this:

"Q Now, Mr. Riley, state what you do remember that was said about this matter.

Objection; overruled; exception.

A. I remember Mr. Riley told me that he owed John Rogers."

This and other testimony that might be pointed out in detail seems to be a clear violation of the rule that communications between attorney and client are confidential. It is true that the rule in Ohio is peculiar. The authorities indicate that in few if any other states could there be any question about the incompetency of this testimony. **Jones on Evidence, Section 2159; 28 R. C. L. 579.** In this state, however, the disqualification of the attorney to testify again his client is defiened by **Section 11494 GC.**, which provides that the disqualification shall not obtain if the client voluntarily testifies on the same subject. In a clear and comprehensive analysis of this section the Supreme Court has held that the client waives his right to object to the testimony of the attorney concerning communications made by him to the latter when the client voluntarily testifies on the same subject, and has given to the term "subject" the broadest application. **Spitzer v. Stillings, 109 OS. 297.** As decisive as is that opinion, as well as the preceding case of **King v. Barrett, 11 OS. 261,** upon the manner in which the client may waive his privilege of excluding communications between him and his attorney courts still recognize that such communications are sacred until waived. If the defendant in this case had gone on the stand voluntarily and have testified to his business relations with the plaintiff it would have been competent under the authority of the Ohio cases cited for the defendant to have cross-examined him upon any admissions made

by him to his counsel, and it would have been competent to have called his counsel to contradict him if the defendant had denied such admissions. His voluntary appearance on the witness stand would have been a waiver of his right under **Section 11494** to exclude his attorney from testifying. Unless and until he did so voluntarily take the stand his privilege continued. When the lawyer, Riley, was called to the stand and forced to testify to the confidential communications made by his client there had been no waiver by the voluntary appearance of the defendant as a witness or any other way.

It is argued that even tho this testimony were improperly obtained that the record so clearly requires the verdict that was rendered that it ought not now be disturbed for this technicality. We do not so view it. The use of the defendant's counsel against him upon so vital a matter such a trespass upon his rights that we can not undertake to say what the course of the trial would have been if the attorney witness had not been used.

The judgment is reversed and the case remanded for a new trial.

Middleton, PJ, and Blosser, J, concur.