WESTERVELT ET AL., APPELLEES, *v.* ROOKER, APPELLANT.

[Cite as Westervelt *v.* Rooker (1983), 4 Ohio St. 3d 146.]

(No. 82-300—Decided April 20, 1983.)

*Murray & Murray Co., L.P.A.,* and *Mr. Michael T. Murray,* for appellees.

*Miraldi-Barrett Co., L.P.A.,* and *Mr. James L. Miraldi,* for appellant.

KERNS, J. Although the evidence in this case is impressed with serious conflicts and inconsistencies, a jury could find therefrom that Westervelt had the right-of-way and was proceeding in a westerly direction on his son's motorbike on a two-lane street which measured about twenty-nine or thirty-five feet in width. As he approached an intersection, he slowed down, moved toward the centerline, and finally came to a "rolling stop" as eastbound traffic passed to the left of his vehicle. At about the same time, Rooker attempted to pass the motorbike on the right, but as she did so, Westervelt veered to the right and into the left front fender of the Rooker automobile.

This factual pattern brought into play the provisions of R.C. 4511.28 which grants permission to pass another vehicle on the right, and states as follows:

"(A) *The driver* of a vehicle or trackless trolley *may overtake and pass* upon the right of another vehicle or trackless trolley only under the following conditions:

"(1) *When the vehicle* or trackless trolley *overtaken is making or about to make a left turn;*

"(2) Upon a roadway with unobstructed pavement of sufficient width for two or more lines of vehicles moving lawfully in the direction being traveled by the overtaking vehicle.

"(B) *The driver* of a vehicle or trackless trolley *may overtake and pass* another vehicle or trackless trolley *only under conditions permitting such movement in safety.* The movement shall not be made by driving off the roadway." (Emphasis added.)

With respect to this statute, the trial court instructed the jury, in part, as follows:

"With regard to the first legal condition for overtaking and passing another vehicle upon the right, that is, that it may be done when the vehicle overtaken is making or about to make a left turn, it would be sufficient if the defendant proves by a preponderance of the evidence that under all the facts and circumstances of this case a reasonably prudent operator of an overtaking vehicle, under the same circumstances, could reasonably infer or reasonably assume that the operator of the vehicle overtaken intended to make or was about to make a left turn."

In the appellate court, the Westervelts argued that R.C. 4511.28 does not permit a driver to pass on the right with impunity even where such driver reasonably could have inferred from the surrounding circumstances that the driver ahead intended to make a left turn. And in reversing the judgment of the trial court, the appellate court expressly found "that a driver, passing another vehicle on the right, makes any assumptions concerning the intentions of the driver ahead at his own risk." Thus the issue presented for the determination of this court is whether the applicable statute merely prescribes a rule of conduct which is dependent upon all of the attending facts and circumstances or whether the statute imposes an absolute standard of care as a matter of law.

In *Eisenhuth* v. *Moneyhon* (1954), 161 Ohio St. 367 [53 O.O. 274], this court discussed the controlling issue in the present case at some length before making the following observations at pages 372-373:

"The view that the violation of a legislative enactment may constitute actionable negligence is predicated upon the principle that when an act is forbidden by express provisions of law, an absolute standard of conduct is set up, and one who commits the prohibited act resulting in injury will be deemed to be liable regardless of whether the injury might have been foreseen by a reasonably prudent person. * * *

"However, a legislative enactment which does not purport to define a civil liability but merely makes provisions to secure the safety or welfare of the public is not to be construed as establishing such a liability. In such cases, no standard of care other than the common-law standard of due care under the circumstances is fixed by the enactment, and the standard of due care is that exercised by a reasonably prudent person under the circumstances of the particular case."

In the particular case before us, the applicable statute does not allude to the commission or omission of any specific act. On the contrary, under the provisions of R.C. 4511.28, the driver of a vehicle may overtake and pass upon the right of another vehicle when the vehicle overtaken is making or about to make a left turn, only under conditions permitting such movement in safety. Thus, the permission to pass is conditioned solely upon what the stranger ahead intends to do, and intent, being a subjective matter, necessarily depends upon an evaluation of multiple facts and circumstances. Surely, the approaching motorist, in the usual course of events, is not required to stop in a hazardous position on the thoroughfare and await some providential sign that the vehicle ahead is definitely "about to make a left turn."

In concluding from the statute that the passing driver "makes any assumptions concerning the intentions of the driver ahead at his own risk," the appellate court has held, in effect, that the mere happening of an accident under the facts of this case shows negligence as a matter of law, but the enactment itself does not rest the license to overtake and pass upon any such absolute standards, and indeed, if such was the case, the statute would serve no purpose or have any practical use on the streets and highways. Hence, R.C. 4511.28 prescribes a rule of conduct, and the issue of whether the movement contemplated by the statute can be made in safety is for jury determination from all of the attending facts and circumstances as shown by the evidence.

In support of their position, the Westervelts have placed considerable emphasis upon the evidentiary fact that the motorbike gave no mechanical signal of an intention to turn to the left, but this fact, while probably of some importance during deliberations, was only one of a number of variable facts and circumstances which were presented to the jury, and parenthetically, we might add that the operation of a turn signal on the motorbike at the time of the unfortunate accident in this case would not have removed the "risk" incident to passing on the right under the theory of strict liability proposed herein by the Westervelts. Hence, we are of the opinion that the court of common pleas properly construed the language of R.C. 4511.28, and that its instructions fairly apprised the jury of its duty in this case.

Rooker also contends that the appellate court erred in reversing a trial court ruling upon certain evidence. During cross-examination, Rooker was permitted to ask Westervelt about a conversation with his attorney during a recess concerning the placement of an "x" in the wrong place on an aerial

photograph of the particular location where the collision occurred on East Main Street. The court of appeals disapproved of the ruling of the court of common pleas for the alleged reason that such cross-examination was in violation of the attorney-client privilege. However, previous pronouncements of this court have held that where a party testifies in any trial, such party may be cross-examined by the opposing party concerning communication with his attorney on any subject pertinent to his claim or defense, even though the fact of communications that have passed between them has not been referred to by such party in direct examination. See *Spitzer* v. *Stillings* (1924), 109 Ohio St. 297, paragraph one of the syllabus; *King* v. *Barrett* (1860), 11 Ohio St. 261. Therefore, we conclude that the trial court properly permitted the cross-examination.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

W. BROWN, LOCHER and HOLMES, JJ., concur.

CELEBREZZE, C.J., concurs in judgment only.

SWEENEY and C. BROWN, JJ., dissent.

KERNS, J., of the Second Appellate District, sitting by assignment.

CLIFFORD F. BROWN, J., dissenting. This court today approves a jury instruction which interpreted R.C. 4511.28(A)(1) to allow drivers to overtake vehicles travelling close to the center line on a two-lane street whenever the passing driver "could reasonably infer or reasonably assume that the operator of the vehicle overtaken intended to make or was about to make a left turn."

Such an instruction completely nullifies the statutory requirement that the overtaken vehicle be "making or about to make a left turn." It permits anyone overtaking a vehicle to pass on the right with impunity, on the mistaken notion, honestly or otherwise, that the vehicle ahead was turning left. The legislature could not have intended such an absurd result.

This court's judgment of reversal of the court of appeals is based upon the following unfounded assumptions or misreading of the record:

1. "* * * [T]he permission to pass is conditioned solely upon what the stranger ahead intends to do, and intent, being a subjective matter, necessarily depends upon an evaluation of multiple facts and circumstances." Without any further explanation of this gratuitous assumption, omitting any analysis, discussion or evaluation of the statutory language "making or about to make a left turn," this court then jumps to the erroneous conclusion that "the court of common pleas properly construed the language of R.C. 4511.28, and that its instructions fairly apprised the jury of its duty in this case."

2.  This court observes that "the appellate court has held, in effect, that the mere happening of an accident under the facts of this case shows negligence as a matter of law * * *." The appellate court did not so state. By its reversal and remand to the trial court the appellate court indicated that defendant's negligence was a jury question at a new trial, and stated that the defendant had a right to pass plaintiff on the right when "that vehicle '* * * is making or about to make a left turn'; and then only if such maneuver may be executed safely." The court of appeals correctly stated the law; it included a statutory element, namely, passing on the right is permissible "only if such maneuver may be executed safely." This essential statutory element was absent from the trial court's jury instruction and makes it prejudicially erroneous.

3.  This court irrelevantly observes "that the operation of a turn signal on the motorbike * * * would not have removed the 'risk' incident to passing on the right under the theory of strict liability proposed herein by the Westervelts." First, a theory of strict liability was neither proposed by the Westervelts nor by the appellate court. Secondly, the operation of a turn signal on the motorbike indicating a turn to the left, and followed by a turn to the left, would have removed the "risk" incident to passing on the right.

It is undisputed and it is the gist of this case that defendant was attempting to pass plaintiff on the right, and that plaintiff did not signal a left turn and gave no evidence of any intention of "making or about to make a left turn." By travelling close and lawfully to the right of the center line plaintiff did not manifest that he was "about to make a left turn."

Even when the overtaken vehicle is "making or about to make a left turn," the overtaking vehicle may pass on the right, pursuant to R.C. 4511.28(B), "* * * only under conditions permitting such movement in safety." That a collision occurred raises a jury issue whether defendant fulfilled the mandate in division (B), allowing her to pass "only under conditions permitting such movement in safety."

Accordingly, I dissent.

SWEENEY, J., concurs in the foregoing dissenting opinion.