DECISION AND JUDGMENT ENTRY
This appeal comes to us from a summary judgment issued by the Lucas County Court of Common Pleas in a personal injury case involving a fall at a convenience store entrance. Because we conclude that there remain genuine issues of material fact as to one defendant but not to the other, we reverse in part and affirm in part.
Appellant, Ginger Klostermeier, sued In Out Mart, Inc. and Village Farm Dairy, Co. for claims relating to alleged injuries she sustained from a fall at a convenience store owned and operated by appellees. Appellant also sued DAE, Inc., dba Interstate Commercial Glass Door.
The following facts were disclosed during discovery depositions. The entrance of the In Out Mart is comprised of two doors with hydraulic closers. When facing the doors from the outside, the door on the right opens to the right; the left door, which opens to the left, is usually locked. On November 3, 1997, DAE installed a new door closer on the right door.
On May 29, 1998, appellant entered through the right-hand door and fell immediately. A store cashier, who came over to assist appellant, discovered that the sandal from her right foot was caught under the door. The cashier removed the sandal. Appellant then got up, bought some lottery tickets, and left the store. Later, she underwent surgery to repair a broken left arm and other damage inflicted on her left elbow and shoulder.
Appellant testified that she has multiple sclerosis("MS") which was in remission at the time of her fall. She stated that, due to the MS, she walks slightly slower than normal, but that her mobility is not substantially impaired. She does not use a cane, walker, or other device to assist her. Appellant testified that she did not know what caused her fall and had entered the store at least twenty times during the months prior to the incident. She acknowledged that she did not notice that the door closed faster than normal and had never had a problem with it before. Appellant explained that on this date, however, she had approached the door from the right side, instead of her customary left side approach. In her opinion, it took her longer than normal to enter the doorway, since she had to step around the door as she opened it.
Appellant said that her fiancé went back to the store the following day, but could not find anything wrong with the door. Nonetheless, he told her that he thought that the right door closed too quickly.
A consultant engineer testified in deposition that on June 15, 1998, he inspected the doors at the convenience store in question. The consultant stated that he did ten closing tests on each door. His findings were that the door on the right took an average of 1.602 seconds to close and the left door took 2.63 seconds. He opined that the doors did not conform to the Americans with Disabilities Act ("ADA") minimum closing time standard of three seconds. In his opinion, the "right door in particular closes very fast and presents a hazard to people that have a walking disability."
An employee from the store also testified in deposition that she had not seen appellant fall. She confirmed that she had pulled appellant's "flip-flop" type bedroom slipper from under the door. The employee stated that appellant, who was a regular customer, had been in the store approximately five minutes earlier that same day, entering through the same door. The employee also stated that the store is open from 7:00 a.m. to 12:00 midnight. She stated that between six and eight hundred people come into the store each day during just her eight hour shift, with probably more on weekends. The employee did not recall any prior complaints about the door or any other previous problems.
Representatives from DAE also testified that the closer was properly installed, but was not specifically checked or calibrated for closing time.
Appellees moved for summary judgment which was granted by the trial court. The court ruled that it was unconvinced that appellant was a member of the class protected under the ADA. The court also determined that a violation of the ADA did not constitute negligence per se and that appellant had failed to establish that appellee had any notice of any defect in the door. The court further stated that appellant had walked through the door numerous times and was aware of the workings of the door. Even if it did close too fast, it would have been an open and obvious danger, according to the court. It also noted that allegedly appellant did not know what caused her fall. Finally, the court ruled that DAE also did not have notice of the dangerous condition of the door, and thus, appellant had failed to establish any duty breached by DAE.
Appellant now appeals that decision, setting forth the following three assignments of error:
 "A. THE LOWER COURT ERRED IN DETERMINING AS A MATTER OF LAW THAT APPELLANT HAD NOT SHOWN A CLAIM OF COMMON LAW NEGLIGENCE AGAINST APPELLEE IN OUT MART AS OWNER AND OCCUPIER OF THE PREMISES WHERE APPELLANT WAS INJURED.
 "B. THE LOWER COURT ERRED IN DETERMINING AS A MATTER OF LAW THAT APPELLANT HAD NOT SHOWN A CLAIM OF COMMON LAW NEGLIGENCE AGAINST APPELLEE DEA [SIC] AS THE INSTALLER OF THE CLOSER ON THE DOOR WHICH INJURED APPELLANT.
 "C. THE LOWER COURT ERRED IN DETERMINING THAT APPELLANT HAD NOT SHOWN A CLAIM OF NEGLIGENCE PER S.E. AGAINST APPELLEES FOR VIOLATION OF THE AMERICAN WITH DISABILITIES ACT."
 I.
We will address appellant's first and third assignments of error together. Appellant argues that the trial court erred in granting summary judgment when it determined that appellant failed to establish either a common law or a per se negligence claim pursuant to a violation of the ADA.
The standard of review of a grant or denial of summary judgment is the same for both a trial court and an appellate court. Lorain Natl. Bankv. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted if "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact" and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).
The existence of a duty in a negligence action is generally a question of law for the court to determine. Mussivand v. David (1989),45 Ohio St.3d 314, 318. However a breach of that duty, i.e., whether a defendant properly discharged his duty of care, is normally a question for the trier of fact. Commerce Industry Ins. Co. v. Toledo (1989),45 Ohio St.3d 96, 98.
In this case, appellant claims that a violation of the ADA constitutes evidence of either negligence per se or negligence. The ADA,42 U.S.C. § 12101, et seq., was enacted to eliminate discrimination against individuals with disabilities. 42 U.S.C. § 12101(b). A person is considered to be disabled under the ADA if that individual: 1) has a physical or mental impairment that substantially limits one or more major life activities; 2) has a record of such impairment; or 3) is regarded as having such an impairment. 42 U.S.C. § 12102
(2)(A)-(C).
The trial court was "unconvinced" that appellant is "disabled" as defined by the ADA. That conclusion is erroneous, as the court focused only on the first ADA criteria, saying that appellant had not proven that she was "substantially limited" in her activities. Appellant, however, has a "record of impairment" since she receives government disability compensation because of her multiple sclerosis and is, thus, "disabled" as defined by the ADA. Therefore, in our view, appellee is a member of the class of persons protected by the ADA.
Title III of the ADA requires that public business establishments remove architectural barriers or offer alternative methods of providing disabled persons with access to goods, services, and facilities. See42 U.S.C. § 12181(a) and (b)(2). The requirements of the ADA for building accessibility have been incorporated into the Ohio Basic Building Code ("OBBC") and the Ohio Administrative Code ("OAC"). See Ohio Adm. Code 4112-5-06.
A violation of the ADA is not negligence per se because it requires a determination of whether certain acts are reasonable under the specific circumstances of each case. See Berge v. Columbus Community CableAccess (1999), 136 Ohio App.3d 281, 313-314, citing to Hurst v. OhioDept. of Rehab. Corr. (1995), 72 Ohio St.3d 325, 327 and Westervelt v.Rooker (1983), 4 Ohio St.3d 146, 147-148. Likewise, violations of the ADA guidelines, as incorporated by the OAC and OBBC, are not evidence of negligence per se since they are administrative rules. See Chambers v.St. Mary's School (1998), 82 Ohio St.3d 563. However, such violationsmay be considered as evidence of negligence. Id. at 568.
We now turn to the issue of whether or not appellant met her burden on summary judgment as to the negligence claim against appellee In Out Mart. The owner of a business premises owes an invitee a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn the invitee of any latent dangers on the premises of which the owner had knowledge or should have had knowledge. Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203; Anderson v. Ruoff (1995),100 Ohio App.3d 601, 605. One who invites the public onto its premises to transact business is not an insurer of their safety. Paschal, supra, at 475. The occurrence of an injury to a business invitee does not give rise to a presumption of negligence by the owner or occupier of the premises. Parras v. Std. Oil Co. (1953), 160 Ohio St. 315, paragraph one of the syllabus.
Rather, liability is predicated on an owner or occupier's superior knowledge of the specific condition that caused injuries to a business invitee. Debie v. Cochran Pharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38,40; McGuire v. Sears, Roebuck Co. (1996), 118 Ohio App.3d 494, 497. The existence of a duty of reasonable care depends upon the foreseeability of the injury. Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77. An injury is foreseeable when a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act. Mussivand v. David
(1989), 45 Ohio St.3d 314, 320-21. The foreseeability of harm usually depends on the defendant's knowledge of the hazard. Menifee, supra, at 77; see, also, Wright v. Goshen Twp. (June 9, 1997), Clermont App. No. CA96-11-100, unreported.
Under Menifee and Wright, to impose a duty upon the market, appellant must show that In Out Mart had knowledge or should have known that the door was not calibrated correctly and that injury was likely to result from this defect. The facts of this case, even when construed in a light most favorable to appellant, do not support such a finding. No other accidents or complaints occurred involving the door and appellant herself used the door numerous times without incident. In Out Mart had the door repaired by a third party and had no notice that the repair may not have been within ADA standards or that injury might be foreseeable. Under these circumstances, the trial court properly found that because In Out Mart had no notice of any hazardous condition, no duty arose. Therefore, the trial court properly granted summary judgment as to appellant's negligence claim since material questions of fact do not remain in dispute, and appellee is entitled to judgment as a matter of law.
Accordingly, appellant's first (A) and third (C) assignments of error are not well-taken.
 II.
Appellant, in her second (B) assignment of error, asserts that the trial court erred in granting summary judgment in favor of appellee, DAE, Inc.
An independent contractor who negligently creates a dangerous condition on real property may not be relieved of liability for injuries to third parties sustained as a result of those dangerous conditions. See Simmersv. Bentley Constr. Co. (1992), 64 Ohio St.3d 642. The contractor is liable to all those who may foreseeably be injured by the structure if he fails to disclose dangerous conditions known to him or when the work is negligently done. Jackson v. Franklin (1988), 51 Ohio App.3d 51, 53.
In this case, appellee DAE, Inc., holding itself out to be a repairer/installer of door closers, owed appellant the duty of ordinary care not to negligently perform the installation of the closer or leave the premises in a dangerous condition. Since evidence was presented that DAE, Inc. installed but did not calibrate the door closer, there is a question of fact as to whether DAE's acts constituted negligence in the fulfillment of its duty to appellant. Therefore, since material questions of fact remain in dispute, appellee DAE, Inc. was not entitled to summary judgment.
Accordingly, appellant's second (B) assignment of error is well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed in part and reversed in part, and remanded for proceedings consistent with this decision. Court costs of this appeal are assessed to appellees.
 ___________________ James R. Sherck, J.
Richard W. Knepper, J. CONCUR.
George M. Glasser, J., dissents.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.