OPINION *Page 2 
{¶ 1} Plaintiff-Appellant John W. Birch appeals the decision of the Court of Common Pleas, Stark County, which granted summary judgment in favor of Defendant-Appellee Jessica Heropulos in a personal injury lawsuit stemming from a motorcycle-automobile collision. The relevant facts leading to this appeal are as follows.
 {¶ 2} On June 27, 2005, Appellant Birch was operating his motorcycle on State Route 43 (Market Avenue) near North Canton, Ohio. As he proceeded northbound, he came upon stopped traffic in his lane of travel just south of the intersection of S.R. 43 and Easton Street. After waiting in traffic for several minutes, he decided to head into the gas station located to the southeast of said intersection. According to appellant, he drove his motorcycle over the white line on the right-hand side of S.R. 43 and then passed, via the paved berm, three automobiles on the right in order to enter the gas station driveway.
 {¶ 3} At this same time, Appellee Heropulos, who had been traveling southbound on S.R. 43, made a left-hand turn into the same driveway, after being let through the stopped traffic by the driver of a stopped northbound SUV. Appellant's motorcycle and appellee's car thereupon collided on the northbound berm, in front of the station's driveway. Specifically, the front end of appellant's motorcycle struck the front passenger side fender of appellee's vehicle. Birch Depo. at 44.
 {¶ 4} On March 29, 2006, appellant filed a lawsuit alleging that appellee had negligently operated her vehicle and proximately caused the collision on June 27, 2005. Appellee filed an answer denying liability on April 17, 2006. *Page 3 
 {¶ 5} On November 30, 2006, appellee filed a motion for summary judgment. On January 8, 2007, the trial court granted summary judgment in favor of appellee.
 {¶ 6} On January 16, 2007, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 7} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT, AS A MATTER OF LAW, BY DISREGARDING EXISTING CASE LAW."
 I. {¶ 8} In his sole Assignment of Error, appellant contends the trial court erred in granting summary judgment in favor of Appellee Heropulos. We disagree.
 {¶ 9} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and conduct our review on the same standard and evidence as the trial court. Smiddy v. The WeddingParty, Inc. (1987), 30 Ohio St.3d 35, 506 N.E.2d 212. Civ.R. 56(C) provides, in pertinent part:
 {¶ 10} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *" *Page 4 
 {¶ 11} Thus, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citingDresher v. Burt (1996), 75 Ohio St.3d 280.
 {¶ 12} To establish a claim of negligence in Ohio, a plaintiff must show the existence of a duty, a breach of that duty, and injury directly and proximately resulting from said breach. Godwin v. Erb,167 Ohio App.3d 645, 856 N.E.2d 321, 2006-Ohio-3638, ¶ 17, citing Menifee v. OhioWelding Prods., Inc . (1984), 15 Ohio St.3d 75, 77, 472 N.E.2d 707
(additional citations omitted).
 {¶ 13} The issues before us initially center on appellee's left-hand turn into the corner gas station. We first note R.C. 4511.42(A) reads as follows:
 {¶ 14} "The operator of a vehicle, streetcar, or trackless trolley intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right of way to any vehicle * * * approaching from the opposite direction, whenever the approaching vehicle * * * is within the intersection or so close to the intersection, alley, private road, or driveway as to constitute an immediate hazard." *Page 5 
 {¶ 15} R.C. 4511.01(UU)(1) defines "right of way" as "[t]he right of a vehicle * * * to proceed uninterruptedly in a lawful manner in the direction in which it or the individual is moving in preference to another vehicle, streetcar, trackless trolley, or pedestrian approaching from a different direction into its or the individual's path."
 {¶ 16} We are first compelled to note that appellant's brief does not discuss the propriety of appellee's purported left turn over a set of yellow "hash marks" on the pavement, which were painted as part of the turn lane markings for the intersection of S.R. 43 and Easton (Plaintiff's Exhibit "F"), even though the trial court analyzed said markings in the judgment entry under appeal.[1] We therefore will proceed to address the question of whether appellant was operating his motorcycle "in a lawful manner" such that appellee was required to yield on her left turn. Appellant urges that he was traveling lawfully on the roadway when appellant turned in front of his motorcycle as he passed on the right of the several stopped northbound vehicles. This leads us to look at appellant's actions, prior to the collision, of passing the stopped traffic on the right. R.C. 4511.28 reads in pertinent part as follows:
 {¶ 17} "(A) The driver of a vehicle or trackless trolley may overtake and pass upon the right of another vehicle or trackless trolley only under the following conditions:
 {¶ 18} (1) When the vehicle or trackless trolley overtaken is making or about to make a left turn; *Page 6 
 {¶ 19} (2) Upon a roadway with unobstructed pavement of sufficient width for two or more lines of vehicles moving lawfully in the direction being traveled by the overtaking vehicle.
 {¶ 20} (B) The driver of a vehicle or trackless trolley may overtake and pass another vehicle or trackless trolley only under conditions permitting such movement in safety. The movement shall not be made by driving off the roadway."
 {¶ 21} In Westervelt v. Rooker (1983), 4 Ohio St.3d 146, 148,4 OBR 390, 391, 447 N.E.2d 1307, 1309, the Ohio Supreme Court concluded that R.C. 4511.28 did not "allude to the commission or omission of any specific act." The question of whether a violation of R.C. 4511.28 has occurred "is conditioned solely upon what the stranger ahead intends to do, and intent, being a subjective matter, necessarily depends upon an evaluation of multiple facts and circumstances." Id. at 148,447 N.E.2d at 1309.
 {¶ 22} R.C. 4511.01 (EE) defines "roadway" as "that portion of a highway improved, designed, or ordinarily used for vehicular travel,except the berm or shoulder. If a highway includes two or more separate roadways the term `roadway' means any such roadway separately but not all such roadway collectively." (Emphasis added.) Appellant argues that the Ohio Supreme Court, in Sech v. Rogers (1983), 6 Ohio St. 3d 462,453 N.E.2d 705, judicially expanded this definition to include any paved surface of a road. However, in the case sub judice, we need not consider such an assertion. First, R.C. 4511.28 is consistently written in the singular, i.e., it provides only for passing "another vehicle" on the right, not a line of several vehicles as in the case sub judice. AccordRutherford v. Lister (February 29, 1983), Lawrence App. No. 1580. Secondly, we find R.C. 4511.28(A) and (B) are written in the conjunctive; thus, a driver claiming the *Page 7 
protection of R.C. 4511.28 must actually be overtaking a vehicle in front of him which is turning left, or is about to turn left. We must ordinarily presume the Legislature means what it says. See State v.Virasayachack (2000), 138 Ohio App.3d 570, 741 N.E.2d 943. The record in this matter gives no indication that any of the three vehicles stopped in front of appellant were turning left; instead, the scene was typical rush-hour stopped traffic. See Birch Depo. at 38-39. The only vehicle turning left was appellee's, which was in the opposite lane and was not being "overtaken" by appellant's motorcycle as envisioned in the statute.
 {¶ 23} Upon review, we find reasonable minds could only conclude that Appellant Birch was not operating lawfully and that Heropulos was therefore not negligent in the events leading to the collision. Appellant's sole Assignment of Error is therefore overruled.
 {¶ 24} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J. Gwin, P. J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to appellant.
[1] We nevertheless note that Sergeant Terry Curry of the Stark County Sheriff's Department testified that a turn across the hash marks is permissible, unlike driving across a physical barrier. Curry Depo. at 21. *Page 1