[Cite as *Pittman v. Office of Atty. Gen.*, 2012-Ohio-6346.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

YOLANDA PITTMAN

    Plaintiff

    v.

OFFICE OF ATTORNEY GENERAL, et al.

    Defendants

Case No. 2011-03103

Judge Joseph T. Clark

DECISION

{¶ 1} Plaintiff brought this action alleging negligence.[1]  The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.[2]

{¶ 2} This case arises out of a motor vehicle collision involving plaintiff's vehicle and a Dodge minivan driven by Detective Sergeant Joshua Staats.  The collision occurred on Harvard Avenue in Cleveland, Ohio, on July 22, 2010.  Plaintiff and Staats were both traveling eastbound on Harvard Avenue when Staats attempted to make a right hand turn and struck plaintiff's vehicle near the driver's side door.

{¶ 3} As an initial matter, the parties stipulated that Staats, an employee of the Washington County Sheriff's Department, is considered an employee of the state for the

---

[1]Throughout this decision, "defendant" shall be used to refer to Office of Attorney General.
[2]The court allowed the record to remain open to obtain the deposition testimony of Joshua Staats. The court makes the following rulings on the objections contained in the deposition transcript filed with the court on May 22, 2012:
    1) Page 13, Line 10: OVERRULED.
    2) Page 16, Line 7: OVERRULED.
    3) Page 16, Line 11: OVERRULED.
    4) Page 16, Line 19: SUSTAINED.
    5) Page 19, Line 13: OVERRULED.

purposes of this litigation inasmuch as he was conducting duties for an organized crime task force with defendant at the time of the accident.[3]

{¶ 4} Plaintiff testified that she was stopped at a traffic light waiting to turn left onto Harvard Avenue and Staats' vehicle was located three vehicles in front of her. Both Staats and plaintiff turned left onto Harvard Avenue traveling east. Plaintiff admitted that eastbound Harvard Avenue does not have road markings indicating two lanes of travel; it has a double yellow line separating the eastbound and westbound roadway but no other lane markings. However, plaintiff testified that Harvard Avenue has two unmarked lanes traveling eastbound and that she was traveling in the right lane. Plaintiff testified that the speed limit was 25 miles per hour and that both she and Staats were driving the speed limit.

{¶ 5} Plaintiff testified that after Staats turned left onto Harvard Avenue, he was driving in both of the eastbound lanes and that cars were honking at him and he eventually moved over to the left lane. According to plaintiff, the two vehicles in front of her passed Staats on the right. Plaintiff testified that she never attempted to pass Staats on the right, but that she was behind his vehicle driving in what she claims was the right lane from the time that she turned onto Harvard Avenue. Plaintiff admitted that Staats had turned on the right turn signal before the two vehicles in front of her passed him and she saw the right turn signal when she was driving next to him. Plaintiff

---

[3]R.C. 177.02(D) states: "A task force investigatory staff, during the period of the investigation for which it is assembled, is responsible only to the task force director and shall operate under the direction and control of the task force director. Any necessary and actual expenses incurred by a task force director or investigatory staff, including any such expenses incurred for food, lodging, or travel, and any other necessary and actual expenses of an investigation into organized criminal activity conducted by a task force, shall be paid by the commission. *For purposes of workers' compensation and the allocation of liability for any death, injury, or damage they may cause in the performance of their duties, a task force director and investigatory staff, during the period of the investigation for which the task force is assembled, shall be considered to be employees of the commission and of the state.* However, for purposes of compensation, pension or indemnity fund rights, and other rights and benefits to which they may be entitled, a task force director and investigatory staff, during the period of the performance of their duties as director and investigatory staff, shall be considered to be performing their duties in their normal capacity as prosecuting attorney, assistant prosecuting attorney, sheriff, deputy sheriff, chief law enforcement officer or member of a law enforcement agency of a municipal corporation or township, or agent of the bureau of criminal identification and investigation." (Emphasis added.)

explained that Staats attempted to make a right hand turn from Harvard Avenue and his vehicle hit her vehicle near the driver's side door.      Staats testified by deposition.  He explained that he lives in Marietta, Ohio, and on the day of the accident he was driving in Cleveland on assignment with the task force.  Staats admitted that he was not familiar with Cleveland and that he had never driven on Harvard Avenue prior to July 2010.

{¶ 6} According to Staats, as he drove on Harvard Avenue, he believed there was only one lane of eastbound travel because there were no lane markings on the road showing two lanes of travel.  Staats admitted that when he made the right hand turn from Harvard Avenue to Whitehead Avenue, he was not driving along the right curb because he thought that the space was for cars to park along the side of the road.

{¶ 7} Plaintiff alleges that defendant was negligent and that its negligence was the proximate cause of the collision.

{¶ 8} In order for plaintiff to prevail upon her claim of negligence, she must prove by a preponderance of the evidence that defendant owed her a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused her injuries.  *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 8, citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984).  "Clearly, all motorists have a duty to observe the environment in which they drive, not only in front of their vehicle, but to the sides and rear as the circumstances may warrant."  *Hubner v. Sigall*, 47 Ohio App.3d 15, 17 (10th Dist.1988), citing *State v. Ward*, 105 Ohio App. 1 (3rd Dist.1957); *Scott v. Marshall*, 90 Ohio App. 347, 365 (12th Dist.1951).  "[M]otorists traveling in the same direction have a common law duty to exercise their respective rights with due regard for the safety of each other."  *Id.*  "There is no duty to lookout for persons violating the traffic laws, however. * * * One may rightfully assume that others are obeying the traffic laws.  Acting in accordance with this assumption is not negligent unless the actor has notice or knowledge that others are not obeying the law."  *Weisbarth v. Smeal*, 8th Dist. No. 63347 (July 22, 1993), citing *Swoboda v. Brown*, 129 Ohio St. 512, 524 (1935).

{¶ 9} R.C. 4511.28 states, in part:

{¶ 10} "(A) The driver of a vehicle or trackless trolley may overtake and pass upon the right of another vehicle or trackless trolley only under the following conditions:

{¶ 11} "(1) When the vehicle or trackless trolley overtaken is making or about to make a left turn;

{¶ 12} "(2) *Upon a roadway with unobstructed pavement of sufficient width for two or more lines of vehicles moving lawfully in the direction being traveled by the overtaking vehicle.*

{¶ 13} "(B) The driver of a vehicle or trackless trolley may overtake and pass another vehicle or trackless trolley *only under conditions permitting such movement in safety*. The movement shall not be made by driving off the roadway."   (Emphasis added.)

{¶ 14} R.C. 4511.36(A)(1) states: "The driver of a vehicle intending to turn at an intersection shall be governed by the following rules: (1) Approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway."

{¶ 15} R.C. 4511.39(A) states, in part: "No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided."

{¶ 16} R.C. 4511.28, 4511.36 and 4511.39 all prescribe rules of conduct.  *See Westervelt v. Rooker*, 4 Ohio St.3d 146 (1983), *Eisenhuth v. Moneyhon*, 161 Ohio St. 367 (1954), *Stora v. Christenson,* 8th Dist. No. 46168 (Dec. 29, 1983).  "[W]here there exists a legislative enactment expressing for the safety of others, in general or abstract terms, a rule of conduct, negligence per se has no application, and liability must be determined by the application of the test of due care as exercised by a reasonably prudent person under the circumstances of the case." *Eisenhuth, supra,* at 374.

{¶ 17} Plaintiff maintains that eastbound Harvard Avenue is wide enough for two lanes of traffic. Photographs of the roadway in question show that Harvard Avenue is not marked with two lanes of eastbound travel. Examining Plaintiff's Exhibit 3, both Staats and plaintiff testified that the photograph shows a tractor-trailer parked on eastbound Harvard Avenue being passed by another vehicle that is nearly crossing the double yellow line in the center of the roadway. As evidenced by the photographs, the court finds that there is not sufficient pavement for two or more lanes of travel.[4] The court finds that plaintiff attempted to pass Staats on the right when there was not "pavement of sufficient width for two or more lanes of traffic" and that she failed to exercise due care. R.C. 4511.28(A)(2).[5]

{¶ 18} Furthermore, the court finds that plaintiff did not pass Staats on the right "under conditions permitting such movement in safety." R.C. 4511.28(B). Plaintiff admitted that as she traveled next to Staats immediately before the accident, she saw that he had his right turn signal engaged and that he was slowing down.

{¶ 19} Plaintiff testified that Staats explained to her following the accident that her vehicle was in his "blind spot." The court finds that Staats did not have knowledge of plaintiff's unlawful passing.

{¶ 20} The court further finds that Staats acted reasonably. Staats testified that he was not driving near the right curb when he made the right hand turn because he thought that the extra space was for cars to park on the side of the road. Plaintiff testified that she thought Staats was trying to merge into the right lane when he had his right turn signal on. Plaintiff had knowledge that Staats had engaged his right turn signal when she attempted to pass him on the right. Even if the court were to find that

---

[4]Staats acknowledged during cross-examination that the diagram contained in the police report from the accident drew two lanes of traffic on eastbound Harvard Avenue. However, Staats also testified that comparing the diagram to the photographs contained in Plaintiff's Exhibits 1-3, the photographs show that there are not two marked lanes of eastbound or westbound travel.

[5]Plaintiff's Exhibit 1, another photograph of Harvard Avenue, shows a diamond-shaped sign stating "right lane closed ahead" in the westbound direction. The court finds that this photograph is not

Staats violated R.C. 4511.36 and 4511.39, plaintiff had notice that Staats was going to make a right hand turn and should have yielded to the right of way. *See Weisbarth, supra.*

{¶ 21} Furthermore, the court finds that plaintiff's negligence in passing on the right when there was only one lane of traffic and when she had notice that defendant had engaged the right turn signal was the sole proximate cause of the accident.

{¶ 22} Plaintiff has failed to prove by a preponderance of the evidence that Staats' actions constituted a failure to exercise due care under the circumstances. Based upon the evidence presented in the case, the court concludes that plaintiff's negligence was the sole proximate cause of the accident. Accordingly, judgment shall be rendered in favor of defendants.

---

persuasive in establishing that Harvard Avenue has two lanes of travel in the eastbound direction because it is in the opposite direction that plaintiff and Staats were traveling at the time of the accident.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

YOLANDA PITTMAN

   Plaintiff

   v.

OFFICE OF ATTORNEY GENERAL, et al.

   Defendants

Case No. 2011-03103

Judge Joseph T. Clark

## JUDGMENT ENTRY

{¶ 23} This case was tried to the court on the issue of liability.  The court has considered the evidence and, for the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of defendants.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Christopher P. Conomy
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

George R. Oryshkewych
5566 Pearl Road
Parma, Ohio 44129

004
Filed October 2, 2012
Sent to S.C. Reporter February 28, 2013