[Cite as *State v. Burk*, 2018-Ohio-4993.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-13 |
| | : | |
| v. | : | Trial Court Case No. 2018-TRD-758 |
| | : | |
| RICHARD BURK | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of December, 2018.

. . . . . . . . . . .

MARK FEINSTEIN, Atty. Reg. No. 0065183, Champaign County Municipal Prosecutor, 205 South Main Street, Second Floor, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

APRIL F. CAMPBELL, Atty. Reg. No. 0089541, 545 Metro Place South, Suite 100, Dublin, Ohio 43017
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} This case is before us on the appeal of Defendant-Appellant, Richard Burk, from his conviction for Overtaking and Passing on the Right, a minor misdemeanor traffic violation. In support of his appeal, Burk contends that the evidence was legally insufficient and that the evidence weighed heavily against his conviction.

{¶ 2} For the reasons discussed below, we conclude that the trial court's judgment was based on sufficient evidence and was also not against the weight of the evidence. Accordingly, the judgment of the trial court will be affirmed.

## I.   Facts and Course of Proceedings

{¶ 3} On April 7, 2018, City of Urbana Police Officer Cade Hunt issued a traffic citation to Burk for Overtaking and Passing on the Right, a violation of Section 331.04 of the City of Urbana Code of Ordinances ("Code").   After Burk pled not guilty to the charge, the trial court held a bench trial on April 27, 2018, and heard testimony from Burk, Hunt, and a driver whose automobile had collided with Burk's truck.

{¶ 4} Crystal Adkins, the other driver, testified that on the day of the accident, she was driving south on Main Street through Urbana, Ohio, when she encountered a truck with an attached trailer that was stopped ahead of her automobile.   The truck was stopped to turn left into the fairgrounds.   At the time, traffic was coming from the north, and the truck was waiting to turn.   Adkins stated that she was not turning left; instead, she was planning to go straight after the truck turned.

{¶ 5} After waiting less than five minutes, Adkins prepared to go around the truck because she knew it was going to be there awhile due to the traffic coming north.   Adkins

looked behind and did not see anyone. However, when she went around the truck, the front of her vehicle hit Burk's vehicle, which was attempting to pass her on her right.

{¶ 6} Burk testified that on the day of the accident, he was at a light on Main Street and saw a truck pulling a trailer and another car behind the truck. Both vehicles had on their brake lights and were sitting at a light. Burk continued south down the road and stopped about five or six cars behind the other vehicles. According to Burk, neither vehicle had activated a turn signal, and Burk thought that the two vehicles were together. Burk also claimed that no cars were coming from the north. After sitting there awhile and seeing no movement, Burk went to the right of Adkins's car. He then saw in his rearview mirror that Adkins's car was pulling out. Burk honked his horn and sped up, but Adkins hit the side of his truck.

{¶ 7} Officer Hunt was dispatched to the accident scene. He observed damage on the right front of Adkins's car and damage to the rear left of Burk's truck. Photos of the vehicles were taken, and Hunt issued a citation to Burk for overtaking and passing on the right.

{¶ 8} After hearing the testimony, the trial court found Burk guilty of the violation, noted that Burk had no violations on his driving record, and imposed $142 in court costs. This timely appeal followed.

## II. Sufficiency and Weight of the Evidence

{¶ 9} Burk's sole assignment of error states that:

Burk's Conviction and Sentence for Overtaking and Passing Upon

the Right Should be Reversed: The State's Evidence that Burk Violated that

Traffic Code is Legally Insufficient as a Matter of Law, and the Evidence Weighs Heavily Against Convicting Him.

{¶ 10} Under this assignment of error, Burk contends that his conviction was based on insufficient evidence because the State failed to prove that he did not have the right to overtake and pass Adkins's vehicle on the right. According to Burk, he had the right to presume, absent some warning, that the course of the vehicle in front of him would not be changed.

{¶ 11} Before we address Burk's argument, we note that the State failed to file a brief, despite the issuance of show cause orders on August 27 and 29, 2018. In such situations, App.R. 18(C) allows us to "accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

{¶ 12} As was noted, Burk was convicted of violating Code Section 331.04. This section is tailored on R.C. 4511.18, and provides, in relevant part, that:

(a) The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions:

(1) When the vehicle overtaken is making or about to make a left turn;

(2) Upon a roadway with unobstructed pavement of sufficient width for two or more lines of vehicles moving lawfully in the direction being traveled by the overtaking vehicle.

(b) The driver of a vehicle may overtake and pass another vehicle only under conditions permitting such movement in safety. The movement

shall not be made by driving off the roadway.

{¶ 13} After hearing the testimony, the trial court found that Burk failed to comply with the first element in the ordinance, because Adkins was not turning left, and there was no testimony by anyone that she was turning. The court further noted that Burk had said that he did not know what either of the vehicles ahead of him was doing. Transcript of Proceedings ("Tr."), p. 24.

{¶ 14} Although Burk did not specifically mention manifest weight of the evidence in his assignment of error, we assume that he is raising both sufficiency of the evidence and a manifest weight challenge. "A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). In this situation, we apply the test from *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), which states that:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at paragraph two of the syllabus.

{¶ 15} In contrast, "[a] weight of the evidence argument challenges the believability

of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." (Citation omitted.) *Wilson* at ¶ 12. Where a manifest weight challenge is involved, a court reviews " 'the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). *Accord State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 193.

{¶ 16} "Although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency." (Citations omitted.) *State v. McCrary*, 10th Dist. Franklin No. 10AP-881, 2011-Ohio-3161, ¶ 11. *Accord State v. Robinson*, 2d Dist. Montgomery No. 26441, 2015-Ohio-1167, ¶ 17. As a result, "a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Citations omitted.) *State v. Braxton*, 10th Dist. Franklin No. 04AP-725, 2005-Ohio-2198, ¶ 15.

{¶ 17} In the case before us, the trial was before the court, not a jury. Nonetheless, in either situation, "[b]ecause the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of

appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997). *See also State v. Hill*, 2d Dist. Montgomery No. 25274, 2013-Ohio-2016, ¶ 17.

{¶ 18} After reviewing the record, we cannot find that the conviction was against the manifest weight of the evidence.

{¶ 19} In *Westervelt v. Rooker*, 4 Ohio St.3d 146, 447 N.E.2d 1307 (1983), the Supreme Court of Ohio held that "R.C. 4511.28 prescribes a rule of conduct, and the issue of whether the movement contemplated by the statute can be made in safety is for jury determination from all of the attending facts and circumstances as shown by the evidence." *Id.* at paragraph two of the syllabus. The court further stated that "the permission to pass is conditioned solely upon what the stranger ahead intends to do, and intent, being a subjective matter, necessarily depends upon an evaluation of multiple facts and circumstances. Surely, the approaching motorist, in the usual course of events, is not required to stop in a hazardous position on the thoroughfare and await some providential sign that the vehicle ahead is definitely " 'about to make a left turn.' " *Id.* at 148.

{¶ 20} In arguing that the trial court erred, Burk relies on the last sentence of the above statement in *Rooker*. Specifically, Burk argues that he had waited long enough and was entitled to presume that Adkins's vehicle was not going to suddenly change course. However, the trial court was in the best position to observe the witnesses and

decide credibility. In fact, the court specifically stated that it did not believe Burk's statements about how long the other cars had been sitting in the middle of the road. Tr. at p. 27. The witnesses gave conflicting accounts, and the trial court was entitled to judge their credibility.

{¶ 21} Burk's own testimony was also contradictory, as he initially said that he thought both vehicles were together. *Id.* at p. 18. However, the following exchange later occurred during Burk's testimony:

Q. Did it appear that they [the two other vehicles] were sitting there to turn left?

A. I don't know. I didn't know if she was with him, because he didn't have taillights on the trailer or what the story was. I don't know what they were doing. They were just sitting there.

Tr. at p. 19.

{¶ 22} Based on the preceding discussion, the conviction was not against the manifest weight of the evidence. Furthermore, in view of this conclusion, Burk's argument about sufficiency of the evidence is also without merit. *McCrary*, 10th Dist. Franklin No. 10AP-881, 2011-Ohio-3161, at ¶ 11; *Braxton*, 10th Dist. Franklin No. 04AP-725, 2005-Ohio-2198, at ¶ 15. Burk's sole assignment of error, therefore, is overruled.

III. Conclusion

{¶ 23} Burk's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies sent to:

Mark Feinstein
April F. Campbell
Hon. Gil S. Weithman