OPINION
{¶ 1} Plaintiff-appellant, Floyd Gadberry, appeals the judgment of the Clermont County Court of Common Pleas, entered on a jury verdict in favor of defendant-appellee, Eastgate Lawn and Tractor, Inc. ("Eastgate"), in a negligence action.
 {¶ 2} In August 2001, appellant purchased a John Deere 5020 series tractor from Eastgate. In March 2003, John Deere issued a recall, or "Product Improvement Program" *Page 2 
("PIP"). Appellant received a notice regarding the PIP from John Deere, advising him to immediately contact a John Deere dealer to arrange for the installation of a new shift control lever assembly. Appellant contacted Eastgate, and on May 14, 2003, Eastgate picked up the tractor from appellant's farm. The PIP was completed and the tractor returned to appellant on May 19, 2003.
 {¶ 3} Shortly thereafter, appellant noticed a loud noise coming from the rear of the tractor. He contacted both Eastgate and John Deere. A John Deere representative told appellant not to operate the tractor until it could be repaired, and if necessary to operate it, to use great caution. On May 24, 2003, while attaching a piece of equipment to the rear of the tractor, the tractor rolled backwards, injuring appellant.
 {¶ 4} In September 2003, John Deere issued an update to the earlier PIP, advising of transmission failures due to faulty cable adjustments. John Deere issued more detailed PIP instructions regarding the adjustment of the transmission cable. Appellant brought his tractor to another John Deere dealer which completed the revised PIP. Upon inspection by a John Deere representative, appellant was informed that the tractor remained unsafe and should not be used.
 {¶ 5} Appellant brought a negligence action against John Deere and Eastgate. John Deere settled with appellant and was dismissed from the suit. The matter proceeded to a jury trial. After hearing the evidence, the jury returned a verdict in Eastgate's favor. Appellant appeals, raising the following three assignments of error related to the trial court's evidentiary rulings.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF
PLAINTIFF-APPELLANT BY PERMITTING SETTLEMENT WITH A FORMER DEFENDANT
 TO BE RAISED ON CROSS-EXAMINATION." *Page 3 
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFF-APPELLANT BY PERMITTING EXPERT TESTIMONY BY A LAY WITNESS."
 {¶ 10} Assignment of Error No. 3:
 {¶ 11} "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFF-APPELLANT BY PERMITTING HEARSAY EVIDENCE."
 {¶ 12} We begin our analysis by noting that the trial court has broad discretion in the admission or exclusion of evidence and, in the absence of an abuse of discretion which results in material prejudice to a defendant, an appellate court should be slow to reverse evidentiary rulings. Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 66. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.J.M. Smucker, L.L.C. v. Levin, 113 Ohio St.3d 337, 2007-Ohio-2073, ¶ 16.
 {¶ 13} In his first assignment of error, appellant argues that the trial court improperly allowed questioning regarding his settlement with John Deere. The trial court permitted Eastgate's counsel to question appellant about the status of his suit against John Deere, but did not permit any questioning regarding the terms of the actual settlement.
 {¶ 14} Evid.R. 408 provides in part as follows:
 {¶ 15} "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. * * * This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." *Page 4 
 {¶ 16} The rule forbids evidence of a settlement when that evidence is presented "to prove liability for or invalidity of the claim or its amount," and applies not only to evidence of a settlement between the parties, but also to evidence of a settlement between a party and a nonparty. Lewis v. Alfa Laval Separation, Inc. (1998),128 Ohio App.3d 200, 210, citingFireman's Fund Ins. Co. v. BPS Co. (1985), 23 Ohio App.3d 56. However, the rule expressly permits evidence of a settlement when that evidence is presented for a purpose other than proving "liability for or invalidity of the claim." See Shimola v. Cleveland (1992),89 Ohio App.3d 505, 511 (permitting evidence of a mandamus action brought by the plaintiff against the defendant, reasoning that the mandamus action evidence outlined the history of the relocation of the house that was the subject of the action); Mark v. Mellott Mfg. Co. (1995), 106 Ohio App.3d 571
(permitting evidence of an informal settlement agreement between the defendant and the United States Occupational Safety and Health Administration, presented for the purpose of proving proximate cause);Owens-Corning Fiberglas Corp. v. Am. Centennial Ins. Co. (C.P.1995),74 Ohio Misc.2d 272 (permitting evidence of settlement where necessary for the jury to understand why nonparties who would be expected to be at trial are not at trial).
 {¶ 17} In the present case, the evidence of the settlement between appellant and John Deere was admissible to explain why John Deere was not a party to the case. Because the evidence was presented for a purpose other than proving "liability for or invalidity of the claim," we find no abuse of discretion with the trial court's decision to admit the evidence.
Accord Lewis; Owens-Corning Fiberglas Corp. Appellant's first assignment of error is overruled.
 {¶ 18} In his second assignment of error, appellant argues that the trial court erred by permitting Brock Warren, owner of Eastgate, to provide expert testimony regarding the repair of John Deere tractors. Appellant cites Evid.R. 702, claiming that Warren's testimony *Page 5 
regarding the failure of "pin number 18" was unqualified expert testimony.
 {¶ 19} Before expert testimony may be admitted under Evid.R. 702, a threshold determination must first be made under Evid.R. 104(A) concerning the qualification of an individual to testify as an expert witness. Vinci v. Ceraolo (1992), 79 Ohio App.3d 640, 645-46. In the present case, the trial court never made a threshold determination regarding Warren's qualifications to testify as an expert witness, despite appellant's objection. Accordingly, this court must view Warren's testimony as though the court considered him a lay witness.In re Swader, Warren App. No. CA2000-04-036, 2001-Ohio-4191, citingState v. Nabinger (June 13, 1995), Franklin App. No. 94APA07-981.
 {¶ 20} Evid.R. 701 permits the opinion testimony of a lay witness if the opinion is: "(1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue." Warren testified that he had 15 years of experience with John Deere tractors. He was familiar with the PIP involved, identified the relevant parts of the transmission at issue, and the function of "pin number 18." His testimony was based on his own perceptions and was helpful to provide the jury with an understanding of the cause of the transmission's failure, a fact at issue. Consequently, the trial court did not abuse its discretion by permitting the testimony. Appellant's second assignment of error is overruled.
 {¶ 21} In his final assignment of error, appellant argues that the trial court erred by permitting hearsay testimony. Over appellant's objection, the trial court permitted Warren to testify that a John Deere representative told him that a large number of failures, related to the PIP and similar to that experienced by appellant, had occurred.
 {¶ 22} Prior to this testimony, documents had been identified and offered into evidence demonstrating the number of failures related to the PIP. Consequently, any error in permitting the testimony was cumulative and harmless. See Unifirst Corp. v. Yusa Corp., *Page 6 
Fayette App. No. CA2002-08-014, 2003-Ohio-4463, ¶ 21. We find no merit in appellant's contention. The assignment of error is overruled.
 {¶ 23} Judgment affirmed.
 YOUNG, P.J., and BRESSLER, J., concur. *Page 1