[Cite as *McFarland v. Barnes*, 2019-Ohio-1050.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| ANGELA MCFARLAND | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellant | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 18-CA-17 |
| ROBERT GILLESPIE | : |  |
|  | : |  |
| Defendant | : | OPINION |

AND

LAWRENCE M. BARNES, JR.

Defendant-Appellee

CHARACTER OF PROCEEDING: Civil appeal from the Fairfield County Court of Common Pleas, Case No. 2016CV00357

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: March 22, 2019

APPEARANCES:

For Plaintiff-Appellant

MARK TOLLES II
36 South Paint Street
Chillicothe, OH 45601

For Defendant-Appellee

MICHAEL HENRY
500 South Front Street, Suite 1200
Columbus, OH 43215

*Gwin, P.J.*

{¶1} Appellant appeals the judgments in favor of appellee of the Fairfield County Court of Common Pleas.

*Facts & Procedural History*

{¶2} This matter arose from a motor vehicle accident involving appellant Angela McFarland ("McFarland"), Richard Goshorn ("Goshorn"), appellee Lawrence Barnes ("Barnes"), and Robert Gillespie ("Gillespie") on State Route 674 in Bloom, Ohio. Gillespie was operating a van and Goshorn and Barnes were operating two of a group of four motorcycles that were travelling together from Chillicothe towards Groveport. Appellant was a passenger on Goshorn's motorcycle. Goshorn was operating the lead motorcycle and Barnes was operating the second motorcycle. The motorcycles were proceeding northbound on State Route 674 and Gillespie was operating a passenger van southbound on State Route 674. Marcy's restaurant sits on the northeast corner of the intersection of State Route 674 and Fairfield County Road 41. As the motorcycles approached the intersection, a line of traffic in the southbound lane had stopped and Gillespie was waiting to make a left-hand turn into the restaurant. Gillespie's vehicle lurched forward twice and the front of his van crossed the double-yellow center lines of the road. Gillespie's van struck Goshorn's motorcycle. Barnes' elbow came into contact with Goshorn's motorcycle. Appellant was ejected from the motorcycle.

{¶3} On June 22, 2016, Barnes filed a complaint against Goshorn and Gillespie. Barnes avers Goshorn and Gillespie were negligent and, as a direct and proximate cause of their negligence, Barnes was injured. Appellant filed a complaint on July 5, 2016 against Gillespie and Barnes. The complaint alleges that on July 5, 2014, appellant was a

passenger on a motorcycle driven by Goshorn, her husband. Appellant states Gillespie negligently operated a motor vehicle causing it to collide into the motorcycle on which appellant was a passenger and, as a direct and proximate result of his negligence, appellant sustained injury. The complaint further alleges that on July 5, 2014, Barnes negligently operated a motorcycle causing it to collide into the motorcycle on which appellant was a passenger and, as a direct and proximate result of his negligence, appellant sustained injury. Appellant also avers Barnes' actions constitute negligence per se.

{¶4} Barnes filed an answer to appellant's complaint on July 26, 2016. Barnes asserted the following affirmative defenses in his answer: contributory/comparative negligence of appellant and/or third parties; failure to join necessary parties; failure to mitigate damages; sudden emergency; and unavoidable accident. On September 28, 2016, appellant filed a motion to consolidate the cases. The trial court granted appellant's motion to consolidate on November 2, 2016. Barnes voluntarily dismissed Goshorn on November 23, 2016.

{¶5} On January 13, 2017, Barnes dismissed Gillespie after reaching a settlement. On March 14, 2017, the trial court issued a partial entry of dismissal with prejudice, agreed to by both counsel for appellant and counsel for Gillespie, dismissing appellant's complaint against Gillespie due to a settlement by the parties. Thus, the only claims remaining were appellant's claims against Barnes.

{¶6} The case went to trial on December 13 and December 14, 2017. Prior to the trial, the trial court ruled on motions in limine and found Barnes could introduce

evidence that appellant settled with Gillespie, but could not introduce any testimony or evidence as to the amount of the settlement.

{¶7}   Barnes testified there were four motorcycles in his group on the date of the accident.  Barnes testified the lead time for experienced drivers to minimize their risk of injury is two seconds if you are following the bike directly behind, but it is a second behind the lead bike if you are in a staggered formation; however, you should always look ahead. Barnes stated when he first saw the minivan, the group of motorcycles slowed down, but didn't stop, going through the intersection.  There was a restaurant on the right and the traffic was stopped and there was a row of cars.  As soon as they got through the intersection, Goshorn accelerated.  Barnes accelerated to keep up to avoid the slinky effect.  Barnes stated Goshorn locked up and Barnes saw the van jump forward like it was popping the clutch, and then stop.  Barnes testified he had room to go around Goshorn and he was missing everything until Goshorn hit the front of the van.  Barnes estimated he was travelling at 35-45 miles per hour.  When he went through the intersection, Barnes was two seconds behind Goshorn because he was playing catchup when Goshorn accelerated.  Barnes did not see the van until Goshorn applied his brakes.

{¶8}   Barnes stated when he saw Goshorn's brake lights come on, he let go of the throttle.  Barnes testified he was really close to the gravel parking lot, but did not travel off the pavement.  Barnes clipped Goshorn's mirror, got pulled back onto the road a little bit, then off; Barnes kept his bike under control and laid it down in the middle of the road.

{¶9}   Barnes testified he intended to go around Goshorn on the right side. Goshorn was maintaining a straight line, so Barnes felt safe going around.  Barnes saw a row of cars in the parking lot and did not see anything as a threat.

{¶10} Goshorn testified on the date of the accident, they were riding motorcycles in the staggered formation. Goshorn stated the speed limit was 55. Goshorn saw some congestion around the area of the intersection, so he slowed down to around 40 miles an hour when he saw a van starting to come across the lane. The van stopped and then started again and Goshorn was not very far away at that point in time. Goshorn stated he started to skid about twenty feet or so in a controlled skid in an attempt to get out of the way of the van. Goshorn testified when he started to slow down, he flicked his brakes to let the people behind him know he was slowing down and Barnes should have seen his lights flash. Goshorn stated Barnes hit his mirror with his elbow and knocked Goshorn into the van. It is his recollection there was no contact between the van and his motorcycle before Barnes contacted his right mirror. After Barnes hit Goshorn's mirror, appellant fell off the side of the motorcycle. When asked if there was any reason why Barnes could not have traveled off the edge of the road to get around him, Goshorn stated "nobody likes to go in gravel" and the whole parking lot there was gravel, so "that would be a good reason not to." Goshorn thinks Barnes could have braked. Goshorn thinks there was enough room for Barnes to drive around him.

{¶11} On cross-examination, Goshorn testified after Barnes' elbow hit his mirror, the front of Goshorn's bike hit the front of the van.

{¶12} Appellant testified that on the day of the accident, they started riding in Chillicothe and were on their way to Groveport. They were about forty minutes into the ride when the accident happened. Appellant was a passenger on Goshorn's motorcycle, the lead motorcycle, and there were four motorcycles in the staggered position. Appellant did not see the van right away because she was looking at the diner. Appellant felt

Goshorn tense up and she thought the van was going to hit them head-on. After Goshorn moved to the right, she thought he was going to be able to get around the van. When Barnes' elbow came in contact with the mirror, she was thrown off to the right. Appellant landed in gravel on the edge of the parking lot and the road. Appellant testified to her injuries.

{¶13} On cross-examination, appellant confirmed she was a passenger on Goshorn's motorcycle on the left and Barnes was on the right side of the lane, and everyone was going the same speed. The van traveling in the opposition direction turned left in front of Goshorn, so Goshorn locked up the brakes and began skidding. Appellant stated Goshorn went sideways a little and he went to the right as he was skidding. Appellant testified the van struck the bike and pushed them a little to the right. Appellant felt the bike hit the van before the mirror hit Barnes' elbow. Appellant later learned the van that went left of center was operated by Gillespie.

{¶14} On re-direct, appellant stated Goshorn would have been in a better position to see what happened with contact with the van. However, she was also feeling the impact and what she experienced was not just based on sight.

{¶15} On re-cross examination, appellant testified she remembers the accident and remembers the bike and van coming into contact when the van went left of center. When asked whether Barnes is responsible for all her injuries, appellant testified her feeling is that she wouldn't have been injured had Barnes not come in contact with the bike. Appellant confirmed she sued Gillespie and "reached a settlement with him."

**{¶16}** On December 14, 2017, the jury returned a verdict in favor of Barnes. In the first jury interrogatory, the jury found Barnes was not negligent. The trial court entered judgment in favor of Barnes on December 14, 2017.

**{¶17}** On January 11, 2018, appellant filed a motion for judgment notwithstanding the verdict, or, in the alternative, a motion for new trial. Appellant argued the jury's finding that Barnes was not negligent was against the weight of the evidence. Appellant contended that, from the testimony, the only reasonable conclusion which the jury could reach was that Barnes was negligent for violating R.C. 4511.28. Appellant also argued she was entitled to a new trial because evidence of the settlement with Gillespie was inadmissible. Appellant finally argued a new trial is warranted because the trial court failed to properly instruct the jury as to the burden with respect to affirmative defenses. Barnes filed a memorandum in opposition to appellant's motion on February 1, 2018. Appellant filed a reply on February 2, 2018.

**{¶18}** The trial court issued a judgment entry on April 9, 2018. The trial court found, in viewing the testimony and evidence presented at trial in a light most favorable to the nonmoving party, reasonable minds could find Barnes did not negligently operate his motorcycle under the circumstances. Further, that since the jury's verdict was supported by some competent and credible evidence, the trial court could not reverse the jury's decision as a matter of law. The trial court additionally found the limited evidence introduced regarding appellant's settlement agreement with Gillespie in order to provide context of the accident and why certain parties were not present at trial was relevant and not unduly prejudicial to appellant. Finally, the trial court found the jury instructions

provided were accurate statements of law and appellant never expressly objected to the absence of affirmative defense instructions.

{¶19}   Appellant appeals the judgments in favor of Barnes of the Fairfield County Court of Common Pleas and assigns the following as error:

{¶20}   "I. THE TRIAL COURT ERRED IN PERMITTING THE JURY TO HEAR AND CONSIDER EVIDENCE THAT PLAINTIFF-APPELLANT ANGELA MCFARLAND HAD "SETTLED" HER CLAIMS AGAINST ROBERT GILLESPIE.

{¶21}   "II. THE TRIAL COURT ERRED IN OVERRULING PLAINTIFF-APPELLANT ANGELA MCFARLAND'S MOTION PURSUANT TO CIV.R. 50 TO SET ASIDE THE JURY'S VERDICT AND FIND AS A MATTER OF LAW THAT DEFENDANT-APPELLEE LAWRENCES BARNES, JR. WAS NEGLIGENT PER SE FOR VIOLATING R.C. 4511.28 AND R.C. 4511.21.

{¶22}   "III. TO THE EXTENT THAT THE JURY WAS PERMITTED TO CONSIDER ANY AFFIRMATIVE DEFENSES, THE TRIAL COURT'S INSTRUCTIONS TO THE JURY WERE INADEQUATE AND FAILED TO INFORM THE JURY AS TO DEFENDANT-APPELLEE LAWRENCE BARNES, JR.'S BURDEN OF PROOF AS TO AFFIRMATIVE DEFENSES ON ISSUES RELATED TO R.C. 2307.23 AND VIOLATIONS OF R.C. 4511.28 AND R.C. 4511.21

{¶23}   "IV. THE TRIAL COURT ERRED IN REFUSING TO ORDER A NEW TRIAL AS THE JURY'S VERDICT IN THIS CASE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

{¶24} In her first assignment of error, appellant argues the trial court erred in permitting the jury to hear and consider evidence that she settled her claims against Gillespie.  Appellant contends this evidence was irrelevant, unfairly prejudicial, and misleading to the jury and should have been excluded.  Appellant argues the trial court should have excluded the settlement evidence because Barnes did not properly present an affirmative defense pursuant to R.C. 2307.23.

{¶25} Decisions regarding the admissibility of evidence are within the broad discretion of the trial court.  *Beard v. Meridia Huron Hospital*, 106 Ohio St.3d 237, 834 N.E.2d 323 (2005).  A decision to admit or exclude evidence will be upheld absent an abuse of discretion.  *Id.*  Abuse of discretion is more than an error of law or judgment; rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶26} Upon review, we find the trial court did not abuse its discretion in admitting the evidence pursuant to Evidence Rule 408.  Evidence Rule 408 provides that evidence of settlement is not admissible to prove liability for or invalidity of the claim or its amount. However, Rule 408 "does not require exclusion when the evidence is offered for another purpose," such as proving bias or prejudice of a witness, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.  Evid.R. 408. The Staff Notes to Rule 408 provide, "the enumerated list of other purposes is not exhaustive, being introduced with the phrase "…such as…."  Staff Notes to Evid.R. 408.

{¶27} Accordingly, settlement evidence is admissible when it is presented for some other purpose.  *Id.*; *Gadberry v. Eastgate Lawn & Tractor, Inc.*, 12th Dist. Clermont

No. CA2006-05-037, 2007-Ohio-2849 (finding no abuse of discretion when the trial court allowed questioning regarding settlement with another party because the evidence was admissible to explain why John Deere was not a party to the case); *Lewis v. Alfa Laval Separation, Inc.*, 128 Ohio App.3d 200, 714 N.E.2d 426 (4th Dist. Lawrence 1998) (finding no abuse of discretion when the trial court admitted settlement evidence to explain why one person was not a party in the case); *Mark v. Mellott Manuf. Co.*, 106 Ohio App.3d 571, 666 N.E.2d 631 (4th Dist. Ross 1995) (holding OSHA records of informal settlement are relevant to a consideration of whether an intervening or superseding cause proximately caused the appellant's injuries); *Swearingen v. Swearingen*, 10th Dist. Franklin No. 06AP-698, 2007-Ohio-1241 (finding it was not an abuse of discretion to introduce settlement evidence to prove venue); *Shimola v. City of Cleveland*, 89 Ohio App.3d 505, 625 N.E.2d 626 (8th Dist. 1992) (finding no abuse of discretion in trial court allowing questioning on a settled mandamus action because the evidence was introduced for reasons other than proving liability).

{¶28} In this case, the trial court admitted limited evidence that appellant had sued Gillespie and reached a settlement with him not to prove "liability or invalidity of the claim," but rather to assist the jury in understanding why Gillespie was not present at trial. The trial court limited the evidence it allowed regarding the settlement, admitting only the fact that appellant settled with Gillespie, but prohibiting Barnes from introducing any evidence or questioning appellant with regards to the amount of the settlement. The trial court further instructed the jury they were not to "speculate about any matters that were not presented as evidence."

{¶29} Both parties discussed Gillespie during their opening statements and closing arguments. All three witnesses who testified at trial testified about the actions of the driver of the van at the time of the accident and whether the van hit Goshorn before or after Barnes clipped Goshorn's mirror. The parties stipulated that Gillespie was negligent and the following stipulation was agreed to in the jury instructions, "You are also instructed that the driver of the van, Robert Gillespie, was negligent by driving left of center while the vehicle in which Plaintiff was a passenger was so near his vehicle as to present an imminent danger."

{¶30} Additionally, during the trial, appellant argued that while Gillespie was negligent, the negligence of Barnes was the sole proximate cause of her injury and damages, whereas Barnes argued Gillespie was the proximate cause of appellant's injuries and damages. The trial court thus acted within its discretion in permitting limited testimony for the purpose of impeachment and/or to show bias or prejudice of the witness. *McMiller v. Bond*, 5th Dist. Richland No. CA-2641, 1989 WL 63296 (May 15, 1989) (holding trial court acted within its discretion in permitting testimony about settlement for the limited purpose of impeachment); *Scott v. Braun*, 7th Dist. Jefferson No. 94-J-13, 1995 WL 697836 (Nov. 22, 1995) (finding since appellant claimed appellee was the sole proximate cause of the accident, it was permissible under Evid.R. 408 for appellee's counsel to show that appellant had filed a claim against another defendant alleging he was the proximate cause of the accident because the evidence was used to show bias or prejudice).

{¶31} Further, "an improper evidentiary ruling constitutes reversible error only when the error affects the substantial rights of the adverse party or the ruling is inconsistent with substantial justice." *Beard v. Meridia Huron Hospital*, 106 Ohio St.3d 237, 834 N.E.2d

323 (2005); Civil Rule 61. To determine if a ruling affects the substantial rights of the adverse party or is inconsistent with substantial justice, a "reviewing court must not only weigh the prejudicial effects of those errors but also determine that, if those errors had not occurred, the jury * * * would probably have made the same decision." *Id.*

{¶32} In this case, we find, even without the very limited settlement testimony, the jury had ample evidence from which it would have probably made the same decision in the absence of any alleged error. The settlement evidence was not the only evidence at trial from which a jury could have concluded Barnes was not negligent. Exhibit B is photographic evidence of the scene of the accident, and shows Gillespie's van across the center lines. Barnes testified he had room to go around and he was missing everything until Gillespie hit Goshorn. Appellant testified that she felt Gillespie's van hit them before Barnes hit Goshorn's mirror.

{¶33} Thus, even if the trial court did err in admitting the evidence regarding the settlement between appellant and Gillespie, any such error is harmless because appellant has not demonstrated the admission of the testimony at issue affected her substantial rights.

{¶34} Appellant's first assignment of error is overruled.

II.

{¶35} In her second assignment of error, appellant argues the trial court erred in overruling her Civil Rule 50(B) motion to set aside the verdict.

{¶36} Civil Rule 50(B) governs motions for judgment notwithstanding the verdict. When ruling on a motion for JNOV, a trial court applies the same test as in reviewing a motion for a directed verdict. *Ronske v. Heil Co.*, 5th Dist. Stark No. 2006-CA-00168,

2007-Ohio-5417; *Pariseau v. Wedge Products, Inc.*, 36 Ohio St.3d 124, 522 N.E.2d 511 (1988). In reviewing a motion for JNOV, courts do not consider the weight of the evidence or the witness credibility; rather, courts consider the much narrower legal question of whether sufficient evidence exists to support the verdict. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 693 N.E.2d 271 (1998). In other words, if there is evidence to support the nonmoving party's side so that reasonable minds could reach different conclusions, the court may not usurp the jury's function and the motion must be denied. *Osler v. City of Lorain*, 28 Ohio St.3d 345, 504 N.E.2d 19 (1986). Appellate review of a ruling on a motion for JNOV is de novo. *Midwest Energy Consultants, L.L.C. v. Utility Pipeline, Ltd.*, 5th Dist. Stark No. 2006CA00048, 2006-Ohio-6232.

**{¶37}** Appellant specifically contends the trial court erred in denying her motion because reasonable minds could only conclude from the evidence presented during the trial that Barnes violated R.C. 4511.28 and was therefore negligent per se. Appellant argues Barnes was unlawfully operating his motorcycle when he attempted to pass on the right of Goshorn's motorcycle.

**{¶38}** R.C. 4511.28 provides that a driver of a vehicle may overtake and pass upon the right of another vehicle under the following conditions:

(1) When the vehicle * * * overtaken is making or about to make a left turn;

(2) Upon a roadway with unobstructed pavement of sufficient width for two

or more lines of vehicles moving lawfully in the direction being traveled by

the overtaking vehicle.

(B) The driver of a vehicle * * * may overtake and pass another vehicle * * *

only under conditions permitting such movement in safety.  The movement

shall not be made by driving off the roadway.

{¶39}  Appellant argues since R.C. 4511.28 applies to this case, and Barnes did

not comply with R.C. 4511.28, that is the end of the inquiry and Barnes is negligent per se

because he did not properly present any affirmative defense.  We disagree.

{¶40}  First, there is a question as to whether a violation of R.C. 4511.28

establishes negligence per se.  A statute imposes negligence per se when the statute

"commanding or prohibiting for the safety of others the doing of a specific act and there is

a violation of such enactment solely by one whose duty it is to obey it."  *Mussivand v.

David*, 45 Ohio St.3d 314, 544 N.E.2d 265 (1989).  However, when one violates a statute

that only proscribes a rule of conduct in general or abstract terms, negligence per se does

not apply and "liability must be determined by the application of the test of due care as

exercised by a reasonably prudent person under the circumstances."  *Id.*

{¶41}  In *Westerfelt v. Rooker*, 4 Ohio St.3d 146, 447 N.E.2d 1307 (1983), the Ohio

Supreme Court held that a violation of R.C. 4511.28 does not amount to negligence per

se because the statute "does not allude to the commission or omission of any specific act"

and "permission to pass is conditioned solely upon what the stranger ahead intends to do

and intent, being a subjective matter, necessarily depends upon an evaluation of multiple

facts and circumstances."  *Id.*  The Ohio Supreme Court reaffirmed its *Westerfelt* decision

in *Mussivand v. David*, 45 Ohio St.3d 314, 544 N.E.2d 265 (1989), stating "we found [in

*Westerfelt*] that negligence per se was not applicable to R.C. 4511.28 in that it did not

'allude to the commission or omission of any specific act.'"

**{¶42}** Appellant cites cases from several districts after *Westerfelt* finding that a violation of R.C. 4511.28 is negligence per se. *Weisbarth v. Smeal*, 8th Dist. Cuyahoga No. 63347, 1993 WL 277188 (July 22, 1993) (finding appellant's violation of R.C. 4511.28 is negligence per se); *Rutherford v. Lister*, 4th Dist. Lawrence No. 1580, 1983 WL 3165 (March 29, 1983) (finding a violation of R.C. 4511.28 to be negligence per se). However, this Court has previously cited favorably to *Westerfelt* and has specifically cited the holding in *Westerfelt* that R.C. 4511.28 did not allude to the commission or omission of any specific act and the question of whether a R.C. 4511.28 violation occurred necessarily depends upon an evaluation of multiple facts and circumstances. *Birch v. Heropulos*, 5th Dist. Stark No. 2007 CA 00016, 2007-Ohio-4252.

**{¶43}** Thus, pursuant to the holdings of the Ohio Supreme Court, liability in this case must be determine by the application of the test of due care as exercised by a reasonably prudent person under the circumstances and "proof will be necessary that the defendant failed to act as a reasonably prudent person under like circumstances." *Sikora v. Wenzel*, 88 Ohio St.3d 493, 727 N.E.2d 1277 (2000). We find there is sufficient evidence from which the jury could have reasonably concluded Barnes did not violate R.C. 4511.28. Barnes testified he had room to go around Goshorn and he was missing everything until the van hit Goshorn. Further, that he was close to the gravel parking lot, but did not travel off the roadway at any point, and he felt safe going around Goshorn. Barnes also stated the road was wide enough for two lines of motorcycles traveling in the same direction.

**{¶44}** Additionally, even if we were to adopt the reasoning set forth in *Wesibarth* and *Rutherford*, under the facts of this case, the application of R.C. 4511.28 does not end

the inquiry.  The cases cited by appellant that involve motorcycles involve a motorcycle passing or attempting to pass a car or cars or a car attempting to pass a motorcycle.  None of the cases involve a situation in which a motorcyclist is found to have violated R.C. 4511.28 for passing another motorcyclist on the right while travelling in a staggered formation.

{¶45}  R.C. 4511.55(B) provides, "persons riding bicycles or motorcycles upon a roadway shall ride not more than two abreast in a single lane, except on paths or parts of roadways set aside for the exclusive use of bicycles or motorcycles."  Barnes also entered into evidence a portion of Ohio's Motorcycle Operator Manual which provides the staggered formation "is the best way to keep the ranks close yet maintain an adequate space cushion.  The group leader rides in the left side of the lane, and the second rider stays at least one second back and rides in the right side of the lane * * *."  Barnes, Goshorn, and appellant all testified that they were riding in the staggered formation, with Goshorn as the leader and Barnes as the second rider.

{¶46}  In this case, we find R.C. 4511.28 and R.C. 4511.55 must be looked at in conjunction to determine liability.  The trial court thus properly gave the jury instructions on both operating motorcycles on the roadway and passing on the right.  The trial court instructed the jury that persons riding motorcycles upon a roadway shall not ride more than two abreast in a single lane and that the driver of a vehicle may overtake and pass another vehicle to the right side only when on a roadway with two or more lanes of travel in the same direction where there is unobstructed pavement wide enough for both vehicles to permit passing and such overtaking and passing is only permitted where such movement can be made safely.  There was sufficient evidence from which the jury could have

reasonably determined Barnes was not negligent when reading R.C. 4511.28 in conjunction with R.C. 4511.55(B).

{¶47} Appellant additionally contends the trial court erred in denying her motion because the uncontroverted evidence presented during the jury trial demonstrated Barnes violated R.C. 4511.21 and was therefore negligent per se.

{¶48} We first note that in appellant's motion before the trial court, she did not argue that the uncontroverted evidence presented at trial demonstrated Barnes violated R.C. 4511.21. A party waives and may not raise on appeal any error which arises during the trial court proceedings if that party fails to bring the error to the court's attention at a time when the trial court could avoid or correct that error. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997). A failure to object at trial waives all but plain error. *Id.* The plain error doctrine is applicable in civil cases only where the error "seriously affects the basic fairness, integrity, or public reputation of the judicial process." *Id.* The Ohio Supreme Court stated the public's confidence is rarely upset merely by forcing civil litigants to live with the errors they themselves or the attorney chosen by them committed at trial. *Id.* Plain error does not exist unless it can be said that but for the error, the outcome of the trial would have clearly been otherwise. *State v. Moreland*, 50 Ohio St.3d 58, 552 N.E.2d 58 (1990); *In the Matter of D.M.*, 5th Dist. Guernsey No. 18 CA 18, 2018-Ohio-4737. Upon review, we find appellant cannot show that a deviation from a legal rule occurred, that the alleged error was an "obvious" defect in the trial proceedings, and that this error affected the outcome of the trial. Accordingly, the plain error doctrine does not apply.

{¶49} Additionally, a violation of R.C. 4511.21(A) depends on whether there is evidence the driver collided with an object which (1) was ahead of him in his path of travel; (2) was stationary or moving in the same direction as the driver; (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible. *Hale v. State Farm Mut. Auto Ins. Co.*, 5th Dist. Stark No. 2017CA00223, 2018-Ohio-3035. Where conflicting evidence is presented as to any of the elements necessary to establish a violation of R.C. 4511.21(A), a jury question is created. *Id.* "Especially in cases involving the assured-clear-distance statute which, by definition, require evaluation of the conduct of the driver in light of the facts surrounding the collision, the judgment of a jury is more likely to achieve a fair result than is a judge-made rule of law." *Blair v. Goff-Kirby Co.*, 49 Ohio St.2d 5, 358 N.E.2d 634 (1976). In this case, we find there was conflicting evidence of the elements necessary to establish a violation of R.C. 4511.21(A); thus, a jury question was created and the trial court properly denied the JNOV.

{¶50} Based on the foregoing, we find the trial court did not err in denying appellant's motion for JNOV. Appellant's second assignment of error is overruled.

III.

{¶51} In her third assignment of error, appellant contends that, to the extent the jury was permitted to consider any affirmative defenses, the trial court's instructions to the jury were inadequate and failed to inform the jury as to Barnes' burden of proof for affirmative defenses.

{¶52} The determination of whether to give a jury instruction is a matter left to the sound discretion of the trial court. A trial court is obligated to provide jury instructions which correctly and completely state the law. *Cromer v. Children's Hospital Med. Ctr. of*

*Akron*, 142 Ohio St.3d 257, 2015-Ohio-229, 29 N.E.3d 921.  The jury instructions also must be warranted by the evidence presented in the case.  *Estate of Hall v. Akron Gen. Med. Ctr.*, 125 Ohio St.3d 300, 2010-Ohio-1041, 927 N.E.2d 1112.  The question of whether a jury instruction is legally correct and factually warranted is subject to de novo review.  *Id.*  An inadequate instruction which misleads the jury constitutes reversible error. *Marshall v. Gibson*, 19 Ohio St.3d 10, 482 N.E.2d 583 (1985).  Our standard of review when it is claimed improper jury instructions were given is to consider the jury charge as a whole and determine whether the charge misled the jury in a manner affecting the complaining party's substantial rights.  *Lowder v. Domingo*, 5th Dist. Stark No. 2016CA00043, 2017-Ohio-1241.

**{¶53}**  Appellant argues, assuming arguendo, that Barnes properly asserted an affirmative defense at trial, the trial court erred by failing to instruct the jury regarding Barnes' burden of proof on that issue.

**{¶54}**  First, Barnes did not argue an affirmative defense at trial.  Barnes argued at trial that he was not negligent and did not violate either R.C. 4511.28 or R.C. 4511.21. Thus, the trial court did not err by failing to instruct the jury regarding Barnes' burden of proof. The jury instructions provided by the trial court were accurate statements of law.

**{¶55}**  Further, in this case, the trial court composed proposed instructions and let the parties make their requests and objections on the record.  Counsel for appellant specifically requested instructions on assured clear distance, passing on the right, reasonable control, and permanent injury.  The trial court included these instructions. While appellant did include in her proposed instructions affirmative defense instructions,

appellant did not raise the issue when the trial court requested comments, requests, and objections to the jury instructions.

**{¶56}** Civil Rule 51 provides, "on appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." As this Court has previously stated, "it is well-established that a party may not assign as error on appeal 'the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection.'" *Pratt v. Easton Technical Products*, 5th Dist. Stark No. 2014CA00144, 2015-Ohio-3180 (finding including a proposed jury instruction was not sufficient to comply with Civil Rule 51's requirement of a specific objection). "Moreover, it is well-settled that failure to object at the trial court level to a complained of error results in a waiver of that error on appeal." *Id.* Appellant did not object to the absence of any affirmative defense instructions and did not object to the instruction regarding burden of proof as proposed by the trial court.

**{¶57}** Additionally, upon review of the record, we find no indication of plain error in the instant case. Assuming, arguendo, the trial court should have instructed the jury on affirmative defenses, any error does not rise to the level expressed in *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997).

**{¶58}** Appellant's third assignment of error is overruled.

IV.

{¶59} In her fourth assignment of error, appellant contends the trial court erred in denying her motion for new trial pursuant to Civil Rule 59, as the jury's verdict was against the manifest weight of the evidence.

{¶60} Civil Rule 59(A)(6) allows for a new trial when the "judgment is not sustained by the weight of the evidence." When considering a motion for a new trial pursuant to Civil Rule 59(A)(6), a court must weigh the evidence and pass on the credibility of the witnesses. A new trial will not be granted where the verdict is supported by competent, substantial, and apparently credible evidence. *Harris v. Mt. Sinai Med. Ctr.,* 116 Ohio St.3d 139, 2007–Ohio–5587, 876 N.E.2d 1201. Because a trial court is in the best position to decide issues of fact, it is vested with broad discretion in ruling upon motions for new trial based upon Civil Rule 59(A)(6). *Id.* Our standard of review on a motion for new trial is abuse of discretion. Civil Rule 59. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶61} Appellant argues the verdict is against the manifest weight of the evidence because the uncontroverted evidence indicated the jury must find Barnes negligent as a matter of law.

{¶62} Upon review, we find no abuse of discretion in the trial court's refusal to grant a new trial on the basis of the manifest weight of the evidence and find the verdict is supported by competent, credible, and substantial evidence. Barnes and Goshorn testified that, prior to the accident, they were travelling in the same lane in a staggered position.

Barnes stated he was the second rider, following at least two seconds behind Goshorn. Barnes testified when Goshorn locked up and the van jumped forward, Barnes had room to go around Goshorn and he was missing everything until the van hit Goshorn. Barnes stated that while he was really close to the gravel parking lot, he did not travel off the pavement and felt safe going around Goshorn. Appellant testified she felt the van hit her and Goshorn before Barnes hit the mirror. Barnes submitted Exhibit B, a photo of the collision depicting Gillespie's van over the center lines of the road and Goshorn's bike lying a few feet from the van.

{¶63} Appellant's fourth assignment of error is overruled.

{¶64} Based on the foregoing, appellant's assignments of error are overruled.

{¶65} The judgments in favor of appellee of the Fairfield County Court of Common Pleas are affirmed.

By Gwin, P.J.,

Baldwin, J., and

Wise, Earle E., J., concur